# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**CRAIG IVAN GILBERT,**

    Petitioner,

v.                                      Case No. 1:17cv234-MW/CAS

**STATE OF FLORIDA, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER
## HABEAS CORPUS PETITION

On or about September 15, 2017, Craig Ivan Gilbert, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He has not paid the filing fee or filed a motion for leave to proceed in forma pauperis.

Petitioner Gilbert is at the North Florida Evaluation and Treatment Center in Gainesville, Florida, which is located in the Northern District of Florida. ECF No. 1; *see* 28 U.S.C. § 89(a). A review of his § 2241 petition indicates that he actually appears to challenge a state court order or judgment from the Seventeenth Judicial Circuit Court, Broward County, Florida, which is located in the Southern District of Florida. ECF No. 1 at 1, 7*; see* 28 U.S.C. § 89(c). Indeed, as relief, he seeks a hearing and

release from custody. ECF No. 1 at 1,7, 25. Thus, although presented as a petition pursuant to § 2241, Petitioner Gilbert is actually seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. *Id.*; S.D. Fla. IOP 2.01.01(d). *See* Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**