UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62084-CV-GAYLES
MAGISTRATE JUDGE P.A. WHITE

CRAIG IVAN GILBERT,

    Petitioner,

v.                                    <u>REPORT OF</u>
                                        <u>MAGISTRATE JUDGE</u>

MICHAEL CARROLL,
ET AL.,

    Respondent.
_____/

<u>Introduction</u>

    The petitioner initially filed a petition for writ of habeas corpus challenging his involuntary commitment. The petitioner sought immediate release from the North Florida Evaluation and Treatment Center. The petition was filed in the Northern District of Florida where the petitioner was confined.

    The District Court for the Northern District of Florida construed the petition as one filed pursuant to 28 U.S.C. § 2254 challenging the order of involuntary commitment pending a return to competency and transferred the petition to the Southern District of Florida.

    This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    The petitioner is contesting his confinement based upon the finding of incompetency.

## Lack of Case or Controversy

Before this Court can proceed to address the merits of the petitioner's claim, it must first be determined whether this Court has jurisdiction to do so. Assuming the petitioner is pursuing relief under either Title 28 U.S.C. §2241 or §2254(a) gives the district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). Once the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending. Id. After the filing of the instant petition, the petitioner was released from incarceration. Although Petitioner is no longer confined pursuant to the instant judgment and sentence, the petitioner has satisfied the "in custody" requirement.[1]

Although the "in custody" requirement has been met, this Court nonetheless has no jurisdiction in this case. Article III of the United States Constitution only extends federal judicial power to cases or controversies. U.S. Const. art. III, §2, cl. 1. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury ... likely to be redressed by a favorable judicial decision." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). When the injury for which an appellant seeks judicial redress is resolved or

---

[1] Moreover, the courts have held that in the context of habeas proceedings, the "in custody" requirement may also be met where a petitioner is on probation, parole or bail. Hensley v. Municipal Court, 411 U.S. 345, 349 (1973). See also Nash v. Purdy, 283 F.Supp. 837, 838-39 (S.D.Fla. 1968).

disappears prior to the appellate court's decision, there is no longer an Article III case or controversy. See Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987); United States v. Meyers, 200 F.3d 715, 718 (10 Cir. 2000).

The petitioner here sought an Order from this Court finding that he was improperly committed and ordering his release. However, since the filing of the petition, the petitioner has appeared before the Broward County Circuit Court for consideration of his continued confinement. In an order entered on December 6, 2017[2], the state found that the petitioner "remains incompetent to proceed and is not restorable." The order further reflects that "[t]he parties stipulate to this Court's finding that the Defendant meets the criteria for involuntary treatment pursuant to F.S. 394.467 and Mosher v. State. BSO (Broward Sheriff's Office) shall transport the defendant to So. Florida State Hospital."

The petitioner's stipulation to his continued commitment has rendered the instant proceeding moot. The only question at issue on the petition was the continued detention of the petitioner under a prior order of commitment. The most recent order of commitment was entered by stipulation of the parties, rendering the challenge to his continued detention moot.

Dismissal of the instant federal habeas corpus proceeding as moot is, therefore, appropriate based upon the petitioner's stipulation to his continued confinement. As indicated, an action that no longer presents a justiciable case or controversy within the meaning of Article III is moot. Ashcroft v. Mattis, 431 U.S. 171, 172-73 (1977); Church of Scientology Flag Service Org. v. City

---

[2]This document is being made a part of this record by separate order.

of Clearwater, 777 F.2d 598, 604 (11 Cir. 1985), cert. denied, 476 U.S. 1116 (1986). A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Church of Scientology Flag Service Org., supra, at 604, n. 21. Since he has now stipulated to his continued commitment his prior challenge is moot.[3]

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering

---

[3]To the extent that any of the petitioner's claims could be construed as alleging violations of his constitutional rights while confined in the North Florida Evaluation and Treatment Center those claims are properly the subject of civil rights action under 42 U.S.C. § 1983 that would be filed in the District Court having jurisdiction over that facility.

4

the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

It is therefore recommended that this petition for writ of habeas corpus be dismissed pursuant to Fed.R.Civ.P. 12(h)(3) for want of jurisdiction, as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 19th day of December, 2017.

_____  
UNITED STATES MAGISTRATE JUDGE

cc:
CRAIG IVAN GILBERT
707898
North Broward Bureau Detention Center
Inmate Mail/Parcels
P.O. Box 407737
Pompano Beach, FL 33043
PRO SE